UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00092

**Jonathan Dewayne Stephen, Jr.,**
*Plaintiff,*
v.
**Palestine Police Department et al.,**
*Defendants.*

**ORDER**

Plaintiff Jonathan Dewayne Stephen, Jr., proceeding pro se and in forma pauperis, filed this lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love. Doc. 12.

On April 27, 2021, the magistrate judge issued a report recommending that plaintiff's claims against the Palestine Police Department should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Doc. 17. The report further concluded that plaintiff's complaints against Officers Rodriguez and Smith should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B). *Id.*

Plaintiff filed objections to the report. Doc. 20. The court reviews the objected-to portions of a magistrate judge's report de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal of plaintiff's claims against the Palestine Police Department because it is a non-jural entity, thus plaintiff failed to state a claim against the Department upon which relief can be granted. Doc. 17 at 3. As to defendants Rodriguez and Smith, the magistrate judge recommended that plaintiff's claims against them be dismissed as malicious because they had been previously adjudicated in other actions. *Id.* at 4 (citing *Stephen v. Palestine Police Dep't et*

*al.*, No. 6:18-CV-00652 (E.D. Tex. 2020); *Stephen v. E. Tex. Med. Ctr., Palestine et al.*, No. 6:20-CV-00023 (E.D. Tex. 2020)).

Plaintiff's objections address neither of these grounds for dismissal. Instead, he urges that the court has jurisdiction over his claims against Rodriguez and Smith under 42 U.S.C. § 1983. Doc. 20 at 1. The magistrate judge's recommendation, however, did not turn on a lack of jurisdiction. Rather, the magistrate judge recommended dismissal because plaintiff asserts duplicative claims that have already been adjudicated. *See* Doc. 17 at 4 (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)). This was not in error. *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) ("[C]omplaints may be dismissed . . . when they seek to relitigate claims which allege substantially the same facts . . . which have already been unsuccessfully litigated.").

For these reasons, having reviewed the magistrate judge's report de novo, the court accepts the magistrate judge's recommendation. Plaintiff's claims against the Palestine Police Department are dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Plaintiff's claims against defendants Rodriguez and Smith are summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B).

*So ordered by the court on May 24, 2021.*

J. CAMPBELL BARKER
United States District Judge